IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02373-BNB

ISAAC JOHN GALINDO,

    Plaintiff,

v.

PUEBLO COUNTY 10TH JUDICIAL DISTRICT,
PUEBLO COUNTY DISTRICT ATTORNEY,
CORRECTIONAL HEATH CARE MANAGEMENT,
PUEBLO COUNTY SHERIFF'S DEPT., and
PUEBLO COUNTY COMMISSIONERS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 02 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Isaac John Galindo, is a prisoner in the custody of the Pueblo County Sheriff's Department and is currently incarcerated at the Pueblo County Detention Center. Mr. Galindo initiated this action by filing an incomplete Prisoner Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on September 21, 2010.

On September 28, 2010, the Court entered an order directing the Clerk of the Court to commence a civil action, and ordering Mr. Galindo to cure certain deficiencies. Specifically, he was ordered to file a complete complaint on the court-approved form. Mr. Galindo filed an amended complaint on October 6, 2010, and he was granted leave to proceed *in forma pauperis* on October 29, 2010.

The Court must construe the amended complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons set forth below, Mr. Galindo will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the amended complaint and has determined that it is deficient. First, it appears that several of the Defendants identified by Mr. Galindo in the caption of the complaint are not proper Defendants in this action. Mr. Galindo is advised that § 1983 "provides a federal cause of action against any *person* who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999) (emphasis provided). It does not appear that the Defendants identified in the caption of the complaint as "Pueblo County 10th Judicial District," "Pueblo County District Attorney's," "Correctional Healthcare Management," or "Pueblo Country Commissioners" are persons subject to suit pursuant to § 1983. Further, in the "parties" section of the amended complaint, Mr. Galindo lists five individuals that are not named in the caption of the amended complaint. If Mr. Galindo intends to name these individuals as Defendants, he must include them in the caption and allege facts in the amended complaint to show that each one personally participated in the deprivation of his constitutional rights. Therefore, Mr. Galindo will be directed to file an amended complaint that clarifies who he is suing. Mr. Galindo should name as Defendants in the caption of the amended complaint the persons he believes actually violated his constitutional rights.

The amended complaint also is deficient because Mr. Galindo fails to allege facts that demonstrate how each of the named Defendants personally participated in the alleged constitutional violations against him. Mr. Galindo is advised that personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Galindo must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Galindo "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Galindo is advised that, although he must allege specific facts regarding each Defendant's personal participation, he still must present his claims clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are

being asserted and to be able to respond to those claims. In order to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957).

Mr. Galindo may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Galindo uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Isaac John Galindo, file **within thirty (30) days from the date of this Order,** a second amended complaint that complies with the directives in this Order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Galindo, together with a copy of this Order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Galindo fails to file a second amended complaint that complies with this Order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED November 2, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02373-BNB

Isaac John Galindo
Prisoner No. 126377
Pueblo County Detention Facility
909 Court Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/2/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk