IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED ⸻ COURT

Civil Action No. 10-cv-02373-BNB

DEC - 9 2010

ISAAC JOHN GALINDO,

GREGORY C. LANGHAM
CLERK

      Plaintiff,

v.

PUEBLO COUNTY 10TH JUDICIAL DISTRICT,
PUEBLO COUNTY DISTRICT ATTORNEY,
CORRECTIONAL HEATH CARE MANAGEMENT,
PUEBLO COUNTY SHERIFF'S DEPT., and
PUEBLO COUNTY COMMISSIONERS,

      Defendants.

---

ORDER

---

This matter is before the Court on Plaintiff Isaac John Galindo's "Motion to Ammend [sic] Action and Allow Additional Plaintiff to Ammend [sic] Complaint," and "Motion for Enlargement of Time to Comply with Order Directing Plantiffs to file Amended Complaint and Request for Injunctive Order of the Court Allowing Plaintiff's Access to Detention Facility Law Library," filed on November 19, 2010.

Plaintiff, Isaac John Galindo, is a prisoner in the custody of the Pueblo County Sheriff's Department and is currently incarcerated at the Pueblo County Detention Center. Mr. Galindo initiated this action by filing an incomplete Prisoner Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on September 21, 2010. On September 28, 2010, Magistrate Judge Boyd N. Boland entered an order directing the Clerk of the Court to commence a civil action, and

ordering Mr. Galindo to cure certain deficiencies. Specifically, he was ordered to file a complete complaint on the court-approved form. Mr. Galindo filed an Amended Complaint on October 6, 2010, and he was granted leave to proceed *in forma pauperis* on October 29, 2010.

On November 2, 2010, Magistrate Judge Boland reviewed the Amended Complaint and determined that it was deficient because Mr. Galindo named improper Defendants, and because he failed to allege the personal participation of all named Defendants. Accordingly, Mr. Galindo was directed to file a Second Amended Complaint within thirty days.

Mr. Galindo has not yet filed a Second Amended Complaint. Instead, on November 19, 2010, he filed the "Motion to Ammend [sic] Action and Allow Additional Plaintiff to Ammend [sic] Complaint," and "Motion for Enlargement of Time to Comply with Order Directing Plantiffs to file Amended Complaint and Request for Injunctive Order of the Court Allowing Plaintiff's Access to Detention Facility Law Library."

In the Motion to Amend, Mr. Galindo "requests of the Court to allow the additional Co-PLaintiff James J. Dall Sr. to be added to the action . . . . [because] Co-Plaintiff James J. Dall Sr. has a similar complaint to address to the Court." Mr. Galindo also states that he "has agreed to allow the Co-Plaintiff . . . to join and also help to cure the said deficiencies of the original complaint as the Co-Plaintiff is competent to do so. Whereas, Plaintiff Galindo has issues with comprehension and suffering from memory loss . . . ." The Court will construe this as a Motion for Joinder. Although Rule 20 of the Federal Rules of Civil Procedure authorizes the joinder of parties and claims that present a common question of law or fact, Fed. R. Civ. P. 21 allows the Court on its

own, at any time, and on just terms to drop a party. Therefore, the Court, for the following reasons, will deny the motion for joinder in this action and allow Mr. Dall to initiate new and separate actions, if he chooses.

Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1). **Boretsky v. Corzine**, No. 08-2265 (GEB), 2008 WL 2512916 at *5 (D. N.J. June 23, 2008) (unpublished opinion) (collecting cases). Among the difficulties noted by these courts are the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although only members of the bar are allowed to litigate as agents.

These courts also have noted that prison populations are transitory, making joint litigation difficult. *Id.* It is not clear whether this will be a factor here, as Mr. Dall alleges that he is currently incarcerated at the Pueblo County Detention Center, along with Mr. Galindo. Even so, prisoners, whose circumstances make joint litigation exceptionally difficult, are not in the same situation as non-prisoner joint plaintiffs. Coordination would be difficult in view of restrictions on interpersonal communication within a prison facility and restrictions on inmate-to-inmate communications among prison facilities. **See generally Shaw v. Murphy**, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates). Obtaining signatures from all Plaintiffs can be difficult when all Plaintiffs are housed in the same prison

a day on the instant matter." Mr. Galindo's request for injunctive relief will be denied. The Court has no authority or jurisdiction to order the Pueblo County Sheriff Department to open the law library at certain hours, nor does it have any control over the restrictions on inmate communications at Mr. Galindo's facility. Accordingly, it is

ORDERED that Plaintiff's "Motion to Ammend [sic] Action and Allow Additional Plaintiff to Ammend [sic] Complaint," filed on November 19, 2010 (Doc. # 14) is construed as a motion for joinder and is DENIED. It is

FURTHER ORDERED that Plaintiff's "Motion for Enlargement of Time to Comply with Order Directing Plantiffs to file Amended Complaint and Request for Injunctive Order of the Court Allowing Plaintiff's Access to Detention Facility Law Library," filed on November 19, 2010 (Doc. # 15) is GRANTED IN PART AND DENIED IN PART, as set forth above. It is

FURTHER ORDERED that Plaintiff shall have until **January 7, 2011**, to file a Second Amended Complaint. Plaintiff's failure to file a Second Amended Complaint will result in the dismissal of this action without further notice.

DATED at Denver, Colorado, this __8th__ day of __December__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT

**CERTIFICATE OF MAILING**

DEC - 9 2010

Civil Action No. 10-cv-02373-BNB

GREGORY C. LANGHAM
CLERK

Isaac John Galindo
Prisoner No. 126377
Pueblo County Detention Facility
909 Court Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on December 9, 2010.

                                GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk