IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02373-LTB

ISAAC JOHN GALINDO,

     Plaintiff,

v.

PUEBLO COUNTY 10TH JUDICIAL DISTRICT,
PUEBLO COUNTY DISTRICT ATTORNEY,
CORRECTIONAL HEATH CARE MANAGEMENT,
PUEBLO COUNTY SHERIFF'S DEPT., and
PUEBLO COUNTY COMMISSIONERS,

     Defendants.

_____

ORDER DENYING MOTION TO RECONSIDER
_____

     Plaintiff, Isaac John Galindo, filed *pro se* on May 25, 2012, a "Motion to Reopen Terminated Case" requesting that the Court reconsider and vacate the Order of Dismissal and the Judgment filed in this action on January 14, 2011.  The Court must construe the motion liberally because Mr. Galindo is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The motion will be construed as a motion to reconsider, and will be denied for the reasons set forth below.

     A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b).  *See id.* at 1243. Mr. Galindo's motion to reconsider, which was filed more than twenty-eight days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

By order dated September 28, 2010, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and ordered Mr. Galindo to cure certain deficiencies.  Specifically, he was ordered to file a complete complaint on the court-approved form.  Mr. Galindo filed an amended complaint on October 6, 2010, and he was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee on October 29, 2010.

On November 2, 2010, Magistrate Judge Boland reviewed the amended complaint and determined that it was deficient because Mr. Galindo named improper defendants and because he failed to allege the personal participation of all named defendants.  Therefore, Mr. Galindo was directed to file a second amended complaint. Mr. Galindo was warned that the action would be dismissed without further notice if he failed to file an amended pleading within thirty days.

On November 19, 2010, Mr. Galindo filed a "Motion to Ammend [sic] Action and Allow Additional Plaintiff to Ammend [sic] Complaint" and a "Motion for Enlargement of Time to Comply with Order Directing Plantiffs to file Amended Complaint and Request for Injunctive Order of the Court Allowing Plaintiff's Access to Detention Facility Law

2

Library."  On December 9, 2010, the Court granted Mr. Galindo's request for additional time to file the second amended complaint, but denied his request for injunctive relief.  Mr. Galindo was again warned that his failure to file a second amended complaint would result in the dismissal of this action without further notice.

Mr. Galindo failed to file a second amended complaint within the time provided, and on January 14, 2011, the Court entered an order dismissing the action.  Judgment also entered on January 14, 2011.

In the Motion to Reconsider, Mr. Galindo argues that "due to ongoing conspericy [sic] and acts of collision [sic] by said defendants . . . Plaintiff has sufficient evidence that said judicial districts . . . have caused physical and physiological permanent damages to Plaintiff . . . . " Motion at 1.  Plaintiff fails to explain his failure to file a second amended complaint within the time provided, and he does not set forth any extraordinary circumstances exist that justify a decision to reconsider.  Therefore, the motion to reconsider will be denied.

The instant action was dismissed without prejudice, and Mr. Galindo may, if he desires, seek to file a new action.  Accordingly, it is

ORDERED that the "Motion to Reopen Terminated Case" (ECF No. 31) filed on May 25, 2012, is DENIED.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 32) and "Motion to Amend Parties" (ECF No. 33) filed on May 25, 2012, are DENIED as moot.

DATED at Denver, Colorado, this __4th__ day of ____June_____, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court